

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Anatoly Smolkin*
*Assistant United States Attorney*
*Anatoly.Smolkin@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4876*
*MAIN: 410-209-4800*
*FAX: 410-962-2310*

October 2, 2023

The Honorable Ellen L. Hollander
United States District Judge
U.S. District Court for the District of Maryland
101 W. Lombard Street
Baltimore, Maryland 21201

**Re: United States v. Charvez Brooks, Criminal No. ELH-20-0034**

Dear Judge Hollander:

I write to set forth the government's sentencing recommendation in this case. The Defendant, Charvez Brooks, is scheduled to plead guilty on October 6, 2023, to a single-count Indictment in this case, which charges the Defendant with possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g). ECF No. 1. Sentencing is scheduled to proceed immediately after the guilty plea.

Pursuant to a written plea agreement under Rule 11(c)(1)(C), the parties have agreed that a sentence of **30 months of imprisonment, to run concurrently** with the Defendant's sentence in Case No. JKB-18-0408, is the appropriate sentence in this case. For the reasons explained below, the United States believes that the parties agreed-upon sentence is sufficient but not greater than necessary to achieve the required purposes of sentencing.

## I. U.S. Sentencing Guidelines Calculation.

The Defendant has elected to waive the preparation of a Presentence Report ("PSR") in this case and to proceed directly to sentencing after he enters a guilty plea. However, a PSR was prepared in connection with the Defendant's other case in this District. See JKB-18-0408, ECF No. 185. In his other case, the Defendant proceed to a jury trial in August 2020 and was convicted of Conspiracy to Commit Hobbs Act Robbery. The Defendant was sentenced by Chief Judge Bredar on October 15, 2021 to 124 months' of incarceration. The Defendant's conviction and sentence were affirmed by the United States Court of Appeals for the Fourth Circuit.

The PSR from the Hobbs Act case calculated the Defendant's Criminal History Category as VI, which was based on a total criminal history score of 13. There is no dispute that the Defendant remains in Criminal History Category VI for purposes of sentencing in this case.

With respect to offense level, the parties have stipulated that the applicable base offense level is 14 pursuant to U.S.S.G. § 2K2.1(a)(6). See Plea Agreement ¶ 6.a. The government does not oppose a 2-level reduction based on the Defendant's acceptance of responsibility under U.S.S.G. § 3E1.1(a), but the Defendant is not eligible for an additional reduction under U.S.S.G. § 3E1.1(b). Therefore, the Defendant's final offense level is 12.

With an offense level of 12 and Criminal History Category of VI, the Sentencing Guidelines range in this case is 30 to 37 months of incarceration.

## II. Disputed Issue Concerning Application of U.S.S.G. § 5G1.3(b).

As set forth in the parties' plea agreement, there is a dispute concerning the application of U.S.S.G. § 5G1.3(b). See Plea Agreement ¶¶ 6.d., 9, 11. Specifically, the Defendant has reserved the right to argue for a downward adjustment pursuant to § 5G1.3(b) to account for the time the Defendant has already served in custody in connection with the Hobbs Act Conspiracy case. The government has reserved the right to oppose the application of § 5G1.3(b). For the reasons described below, § 5G1.3(b) is inapplicable.

Section 5G1.3(b) provides:

> If subsection (a) does not apply,[1] and a term of imprisonment resulted from another offense ***that is relevant conduct to the instant offense*** of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of §1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed as follows:
>
> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>
> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

U.S.S.G. § 5G1.3(b) (emphasis added). The government does not dispute that the Defendant's incarceration in the Hobbs Act Conspiracy case will not be credited to the sentence in the instant case by the Bureau of Prisons. But § 5G1.3(b) is inapplicable for another reason—because the Hobbs Act Conspiracy offense is not relevant conduct to the instant offense.

---

[1] Subsection (a) of § 5G1.3 does not apply in this case. Subsection (a) calls for the imposition of a consecutive sentence where a defendant commits the instant offense while serving a term of imprisonment, or after sentencing, but before commencing the service of the sentence. See U.S.S.G. § 5G1.3(a).

Relevant conduct is defined in § 1B1.3 of the Sentencing Guidelines. Subsection (a)(1) provides one definition of relevant conduct as all acts and omissions of a defendant or others (in the case of jointly undertaken criminal activity) "that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G. § 1B1.3(a)(1). This subsection is plainly inapplicable to this case because the felon in possession offense did not occur during the commission of the Hobbs Act Conspiracy, nor was the felon in possession offense committed in preparation for or while attempting to avoid detection for the Hobbs Act Conspiracy. Indeed, the robbery giving rise to the Defendant's Hobbs Act Conspiracy conviction occurred on January 18, 2018 at an Exxon gas station in Owings Mills, Maryland. See JKB-18-0408, ECF No. 185 (PSR) ¶ 6. More than 18 months later, on August 19, 2019, the Defendant unlawfully possessed a firearm as a prohibited person in Baltimore City.

The other definition of relevant conduct is contained in subsection (a)(2), which applies "to offenses of a character for which § 3D1.2(d) would require grouping of multiple counts." U.S.S.G. § 1B1.3(a)(2). It defines relevant conduct as "all acts and omissions … that were part of the same course of conduct or common scheme or plan as the offense of conviction." Id. Factors "include the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." U.S.S.G. § 1B1.3 cmt. n.5(B)(ii).

As a threshold matter, the guideline for Hobbs Act Conspiracy, contained in § 2B3.1, is expressly excluded from the operation of the grouping rules in § 3D1.2(d). As a result, the Defendant's Hobbs Act Conspiracy offense and the felon in possession offense do not group, and the second definition of relevant conduct does not apply.

More importantly, even if the Court determines that these offenses can be grouped, the Hobbs Act Conspiracy offense is not relevant conduct because it was not part of the same course of conduct or common scheme or plan as the felon in possession offense. The Hobbs Act Conspiracy offense involved three individuals, including the Defendant, who planned to rob (and did rob) the owner of an Exxon gas station in Owings Mills. The planning and robbery occurred on January 18, 2018. Although a co-defendant dropped a firearm while running to the nearby getaway vehicle, which the Defendant used to flee the scene with a co-defendant, a firearm was not used or brandished during the robbery. More than a year-and-a-half later, the Defendant—this time driving a different car by himself in Baltimore City—failed to stop for Baltimore City Police Officers. The Defendant took the officers on a vehicle chase and threw a pistol out of the window of his car. These two crimes are not similar or repetitive. There was also a significant period of time between the commission of each crime. Accordingly, the offenses are not part of the same course of conduct or common scheme or plan and therefore are not relevant conduct.

Because the Hobbs Act Conspiracy is not relevant conduct to the offense of possession of a firearm by a prohibited person, § 5G1.3(b) does not apply. Accordingly, the Court should not credit any of the time already served by the Defendant on the Hobbs Act Conspiracy conviction to the Defendant's sentence in the instant case.

## III. Factors Set Forth in 18 U.S.C. § 3553(a).

The United States submits that a sentence of 30 months of imprisonment is the appropriate disposition of this case in light of the factors set forth in 18 U.S.C. § 3553(a).

### a. Nature and Circumstances of the Offense.

On August 10, 2019, the Defendant was driving a blue Acura in Baltimore, Maryland. Baltimore Police Officers attempted to stop the Defendant, but he refused to pull his vehicle over and attempted to evade police. During the ensuing car chase, the Defendant threw a semi-automatic pistol out of the window of the car. Sometime after the Defendant threw the firearm out of the vehicle, he pulled his vehicle over and was taken into custody. The firearm was recovered by police officers. The firearm was loaded with one live round in the chamber and one in the magazine.

As part of his plea agreement, the Defendant acknowledged that as of August 10, 2019, he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year and his civil rights have not been restored. The Defendant knew of this prior conviction and the penalty it carried. The firearm meets the definition of a firearm under federal law and was manufactured outside the state of Maryland. Therefore, the firearm traveled in and affected interstate commerce.

This is a serious case. The Defendant was prohibited from possessing a firearm based on multiple prior convictions. He refused to stop his vehicle for law enforcement and took police officers on a dangerous car chase. During the chase, the Defendant threw a loaded firearm out of his car window. Thankfully, the firearm was recovered by police officers and did not hurt anyone. The nature and circumstances of this offense are serious, and the United States believes that the sentence imposed should recognize the seriousness of the Defendant's conduct.

### b. History and Characteristics of the Defendant.

The Defendant is in his 30s and as his PSR reflects, he is in Criminal History Category VI based on 13 criminal history points. The Defendant's adult criminal history dates back to 2008, when he was 18 years old, and includes convictions for assault, possession of controlled substances, theft, and first-degree burglary. The Defendant was also convicted in August 2020 of Hobbs Act Conspiracy after a jury trial.

The Defendant has accepted responsibility for his conduct in this case, which the Court should consider when arriving at a reasonable sentence. In light of the Defendant's history and characteristics, the United States believes that a sentence of 30 months of incarceration is appropriate.

**c. The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law, to Provide Just Punishment for the Offense, to Afford Adequate Deterrence to Criminal Conduct, and to Protect the Public from Further Crimes of the Defendant.**

Illegal possession of a firearm is a serious and dangerous crime. Baltimore is plagued by gun violence, which is fueled by the illegal firearms that have flooded the City's communities. The Defendant should be sentenced to a period of incarceration that will reflect the seriousness of this offense, promote respect for the law, provide just punishment for the offense, and will hopefully deter the Defendant and others from engaging in similar conduct.

* * *

The United States believes that **30 months of imprisonment, to run concurrently** with the Defendant's sentence in Case No. JKB-18-0408, is the appropriate sentence that is sufficient but not greater than necessary to achieve the required purposes of sentencing.

That you for your attention to this matter.

Respectfully submitted,

Erek L. Barron
United States Attorney

/s/ Anatoly Smolkin
Anatoly Smolkin
Assistant United States Attorney

cc: Joseph A. Balter, Esq.